IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 5:02cr21-RH/WCS

TERLAINE GIBSON,

    Defendant.

_____/

### ORDER ON IMPLEMENTATION OF SENTENCE

    Defendant Terlaine Gibson was convicted in this court of a drug conspiracy. He was sentenced on March 13, 2003, to 120 months in the Bureau of Prisons. At that time he was in the primary custody of the State of Florida on pending state drug charges. On May 30, 2003, the state court sentenced Mr. Gibson to one year and one day on the state charges. The federal and state charges apparently arose from related activities.

    Mr. Gibson remained in state custody until completion of the state sentence. At that time he was released—not transferred into federal custody as should have occurred—apparently because, through oversight, no federal detainer was lodged with the state.

Mr. Gibson was later taken into federal custody for service of the federal sentence. The Bureau of Prisons has given him credit for the period of his inadvertent release. The propriety of that treatment is not here at issue.

Mr. Gibson has requested that the Bureau also give him credit on his federal sentence for time spent in state custody on his state sentence. Any such credit would be effected by a retroactive designation of the state facility where Mr. Gibson served his state sentence as the facility for service of an appropriate portion of his federal sentence. By letter dated October 10, 2008, the Bureau has requested that this federal court "advise" the Bureau "as to the Court's position on a retroactive designation in this case." As the governing law and the Bureau's letter make clear, the court's advice would be just that—advice—not a binding determination of any issue. This order responds to the Bureau's request.[1]

**I**

With limited exceptions not applicable here, district courts cannot modify a sentence once imposed. *See* 18 U.S.C. § 3582. Nonetheless, there is authority for the proposition that district courts appropriately may make recommendations to the

---

[1] The Bureau did not provide Mr. Gibson a copy of its letter. It *did* provide a copy to the United States Attorney, who has not responded. I have not delayed consideration of the matter and entry of this order to afford Mr. Gibson notice and an opportunity to be heard. I will, however, consider any motion for reconsideration he may submit.

*Case No: 5:02cr21-RH/WCS*

Bureau of Prisons of the type requested by the Bureau's letter.  *See Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990); *see also United States v. Pineyro*, 112 F.3d 43, 45-46 (2d Cir. 1997).  So far as I am aware, no court has specifically attempted to reconcile the making of such recommendations with the usual principles under which federal courts address issues only to the extent appropriate for resolution of cases properly within their jurisdiction.  *See, e.g., Ashwander v. Tennessee Valley Auth.*, 297 U.S. 288, 341, 346, 56 S. Ct. 466, 80 L. Ed. 688 (1936) (Brandeis, J., concurring); *Hayburn's Case*, 2 U.S. (2 Dall.) 408, 1 L. Ed. 436 (1792) (forbidding federal courts from rendering advisory opinions or making determinations that are subject to revision by the executive branch).

## II

Consistent with 18 U.S.C. § 3582, I decline to modify Mr. Gibson's sentence as imposed.  I choose to make no recommendation concerning whether the state facility should be retroactively designated for service of the federal sentence.

For what it may be worth, I note that my usual practice—subject to adjustment based on the circumstances of a particular case—is first, to make any sentence that I impose concurrent with a previously imposed sentence for a related offense, second, to make any sentence that I impose consecutive to a previously imposed sentence for an unrelated offense, and third, to leave to the court imposing

any later sentence the determination of whether the later sentence is (or should be) concurrent or consecutive to any sentence I have imposed.

## **Conclusion**

For these reasons,

IT IS ORDERED:

1. The clerk must docket the letter dated October 10, 2008, from the Bureau of Prisons.

2. No recommendation is made to the Bureau of Prisons concerning retroactive designation of the state facility for service of the defendant's federal sentence.

3. No determination is made concerning when service of Mr. Gibson's federal sentence began and what credit he is due on that sentence.

SO ORDERED on November 15, 2008.

s/Robert L. Hinkle
Chief United States District Judge
